**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

ANTHONY ASKEW,
      Petitioner

Criminal No. 03-244-2

**ORDER OF COURT DENYING PETITIONER'S MOTION FOR REVIEW OF UNADDRESSED MERITS OF INITIAL 2255 MOTION PURSUANT TO SANDERS V. UNITED STATES (DOC. NO. 322)**

Presently before the Court is *pro se* Petitioner, Anthony Askew's, "Motion for Review of Unaddressed Merits of Initial 2255 Motion Pursuant to *Sanders v. United States*." Doc. no. 322. The Court will deny this Motion.

**A. Relevant Procedural History**

On June 4, 2004, a jury found Petitioner, Anthony Askew, guilty on numerous counts of armed bank robbery, as well as using, carrying and brandishing a firearm during a crime of violence, as well as other violent felonies. See docket entry dated 06/04/2004. After holding a sentencing hearing, this Court sentenced Petitioner to a lengthy sentence. See judgment at doc. no. 167. On November 11, 2004, Petitioner timely appealed his sentence to the United States Court of Appeals for the Third Circuit; and, on October 26, 2006, the Court of Appeals affirmed the judgment of conviction as to Petitioner. *United States v. Askew*, 203 F. App'x 414 (3d Cir. 2006). One of the issues the Court of Appeals discussed in its Opinion was the "Voice Identification Evidence" and the relationship of that evidence to Petitioner's Fifth Amendment right not to incriminate himself. *Id*. at 416-17. On October 19, 2007, Petitioner's Petition for a Writ for Certiorari was denied by the United States Supreme Court, making Petitioner's judgment final. *Askew v. United States*, 552 U.S. 983 (2007) (mem.).

On June 6, 2008, Petitioner filed (among other motions) a Motion to Vacate Sentence under 28 U.S.C. § 2255. Doc. no. 222. One of the five issues presented in his Petition related to the Constitutionality of permitting voice identification evidence adduced from a defendant's testimony. Id., at p. 2. Briefing on the Motion to Vacate and the other motions was completed in December of 2009. See doc. nos. 254, 256, 261, 262, 264, and 267.

On February 2, 2010, the Court, in its Memorandum Opinion in regard to Petitioner Anthony Askew's Motion to Vacate Sentence under 28 U.S.C. § 2255, held:

> After careful consideration of the Motion to Vacate, the government's response thereto, petitioner's traverse reply, and the files and entire record in the case, this Court finds that certain of petitioner's allegations, even if accepted as true, do not entitle him to relief, and that other of his allegations cannot be accepted as true because they are contradicted by the record. Accordingly, there is no need to conduct an evidentiary hearing, and the Court will deny the Motion to Vacate and, with the exception of the motion for leave to proceed in forma pauperis, will deny the related motions as moot or without merit.

Doc. no. 274, p. 1. In its Opinion, this Court addressed Petitioner's claim that his counsel was ineffective for failing to challenge the voice recognition evidence at time of trial. Id., p 27. The Court noted that at time of trial, it had overruled Petitioner's "counsel's objection to the voice identification on the Fourth and Fifth Amendment grounds, and the Court of Appeals affirmed that ruling[.]" Id. This Court then applied the *Strickland* test and essentially assumed, *arguendo*, that Petitioner could meet the deficiency prong but could not prevail on the prejudice prong.

On February 17, 2010, Petitioner filed a "Motion to Alter or Amend Judgment" and simultaneously filed a "Motion for Compliance with Federal Rules of Civil Procedure 52." Doc. nos. 276 and 277. Also on this same date, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit with respect to this Court's decision denying his Motion to Vacate. Doc. no. 279.

On July 27, 2010, the Court of Appeals denied Petitioner's request for a certificate of appealability because he had failed to make "a substantial showing of the denial of a constitutional right." Doc. no. 289 (citations omitted). "Jurists of reason could not debate the District Court's stated reasons for denying relief on all claims presented in [Petitioner's] 28 U.S.C. § 2255 motion. In addition, we reject as meritless Askew's contention that 'the District Judge was not fair and impartial' in his consideration and assessment of the § 2255 motion." Id.

Throughout 2010, 2011, and 2012, Petitioner has continued to file various Motions and "Notices" with this Court (see doc. nos. 292, 293, 298, 302, 303, 304, 312, and 315) and has filed at least one other Notice of Appeal with the Court of Appeals (doc. no. 319) seeking a certificate of appealability, which the Court of Appeals denied. Doc. no. 321.

His most recent Motion, the one presently before this Court, asks that this Court address the "merits of the initial [§] 2255 [Petition] that went unaddressed[.]" Doc. no. 322, p. 1.

**B. Discussion**

In his current Motion (doc. no. 322), Petitioner cites *Sanders v. United States*, 373 U.S. 1 (1963), and claims that this case stands for the proposition that this Court owes him a second review under § 2255 because Petitioner can assert facts which might entitle him to relief. The remaining 38 pages of Petitioner's motion discusses the voice recognition evidence and rehashes all of Petitioner's prior arguments regarding the impact on his Fifth (and to some extent) his Fourth Amendment rights.

Accordingly, this Court construes his most recent Motion (doc. no. 322) as a Motion for Reconsideration, which (1) was not timely filed, and (2) which the Court would deny on the merits if had been timely filed under *Max's Seafood Café v. Quinteros,* 176 F.3d 669 (3d Cir. 1999). Simply put, every aspect concerning the "voice identification evidence" has been fully

3

examined by this Court as well as the Court of Appeals for the Third Circuit, and Petitioner was denied a review by the United States Supreme Court on this (and other) matter(s).

As noted above in the "Relevant Procedural History" section, above, the Court of Appeals for the Third Circuit was first asked by Petitioner to review the "voice recognition evidence" and the rulings this Court made in relation to that evidence in a post judgment Appeal. The Court of Appeals held that there was no basis to alter either Petitioner's conviction or the sentence imposed based on his voice recognition evidence arguments, or any other argument. *Askew*, 203 F. App'x at 417-18. The Court of Appeals specifically discussed how this Court's rulings on the voice recognition evidence did not infringe on Petitioner's Fourth and Fifth Amendment rights. *Id*. As noted, Petitioner sought a Writ of Certiorari on this and other issues, but the United States Supreme Court declined to hear his Petition for Writ of Certiorari on this issue (as well as the others). *Askew*, 552 U.S. at 983.

After receiving the United States Supreme Court's declination of his Petition for Writ of Certiorari, Petitioner filed a § 2255 Petition with this Court and argued that his counsel was ineffective because of the way he purportedly mishandled the voice recognition evidence at the time it was proffered and subsequent to this Court's deeming it admissible. As noted, this Court could not find ineffective assistance of counsel under the two-prong *Strickland* test and the Court of Appeals affirmed the decision of this Court in this precise regard.

Thus, this Court concludes that this Petition proffers nothing that would warrant reconsideration under the three-pronged *Max's Seafood Café* test. There has been no intervening change in the controlling law; (2) there has been no new evidence that was not available when the court made its decision; nor (3) is there any need to correct a clear error of law or fact or to prevent manifest injustice. Therefore, because the Court has definitively addressed every

possible argument Petitioner has made in the past concerning the "voice recognition evidence," and because there is no new law nor fact(s) which would warrant reconsideration, the Court will accordingly, deny Petitioner's "Motion for Review of Unaddressed Merits of Initial 2255 Motion Pursuant to *Sanders v. United States*." Petitioner's "Motion for Review of Unaddressed Merits of Initial 2255 Motion . . ." filed at docket no. 322 is therefore, **DENIED**.

**SO ORDERED** this 16th day of August, 2013.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc:   All Registered ECF Counsel and

Anthony Askew
07967-668
PO Box 2000
USP Hazelton
Bruceton Mills, WV 26525